| | |
|---|---|
| **DISTRICT COURT**<br>**DENVER COUNTY**<br>**STATE OF COLORADO**<br>1437 Bannock St.<br>Denver, CO 80202 | DATE FILED: February 2, 2024 5:04 PM<br>FILING ID: 26D22C4C3E5E1<br>CASE NUMBER: 2024CV30348 |
| Plaintiff: **SUSAN BURREN**<br><br>v.<br><br>Defendant: **TARGET CORPORATION** | |
| *Attorneys for Plaintiff:*<br>S. Birk Baumgartner, #47829<br>Sydney D. Kossow, #59344<br>BAUMGARTNER LAW, LLC<br>730 17th St., Ste. 340<br>Denver, CO 80202<br>Phone: (303) 529-3476<br>birk@baumgartnerlaw.com<br>Sydney@baumgartnerlaw.com | **▲ COURT USE ONLY ▲**<br><br>Case No.:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff, Susan Burren, by and through counsel, Baumgartner Law, and states her Complaint against the above-named Defendant as follows:

## PARTIES, JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff Susan Burren was a resident of the State of Colorado, residing at 7000 W. Virginia Pl., Lakewood, CO, Jefferson County, CO 80233.

2. At all times relevant hereto, Defendant Target Corporation was a foreign limited liability company licensed to transact business in the State of Colorado. The incident occurred at Defendant's store located at 460 S. Vance St., Lakewood, CO 80226.

3. This Court has jurisdiction over the matter because the amount in controversy exceeds

**EXHIBIT A**

$25,000.00.

4. Venue is proper in this county pursuant to C.R.C.P. 98(c)(1), because Defendant is a foreign corporation doing business in the State of Colorado, and Defendant can be found in Denver County, and because Plaintiff hereby designates the County of Denver as the venue for the action.

**GENERAL ALLEGATIONS**

5. Plaintiff hereby incorporates by reference herein the allegations contained in paragraphs one through four of this Complaint.

6. On February 4, 2022, at around 6:30 p.m., Plaintiff went to Defendant's location at Belmar to shop.

7. Plaintiff was walking down an aisle and, unbeknownst to her, the floor was wet. As a result of the wet floor, Plaintiff fell, hurting her neck, shoulders, ankle, back, and elbow.

8. At the time that Plaintiff fell, no wet floor signs were posted anywhere at or near the spot where Plaintiff fell.

9. After Plaintiff's fall, other customers helped Plaintiff up. No one working at Defendant's store at the time of the incident helped Plaintiff.

10. Thereafter, Plaintiff went to the front register and asked for a manager. Defendant's employee working at the register gave Plaintiff an accident report to fill out. Defendant's employee only asked Plaintiff where she fell and no further questions.

11. Since the incident, Plaintiff has had to visit several healthcare providers to address the injuries to her ankle, elbow, neck, and shoulders.

12. Plaintiff continues to suffer severe pain and discomfort, and has not been able to participate in her normal activities of daily living as a result of the pain and limitations from the incident.



**EXHIBIT A**

13. Defendant's actions were the proximate cause of Plaintiff's injuries. Plaintiff was not comparatively negligent in causing the injuries.

14. As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages and losses, including without limitation, significant physical injuries, expenses, loss of enjoyment of life, annoyance, discomfort, inconvenience, mental pain and suffering, and substantial medical expenses.

## FIRST CLAIM FOR RELIEF

(*Premises Liability against Defendant Target Corporation*)

15. Plaintiff hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

16. Defendant Target Corporation is a "landowner" as defined in C.R.S. § 13-21-115 because Defendant is an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property.

17. At the time of the subject incident, Plaintiff was an invitee on Defendant's premises as defined by C.R.S. § 13-21-115. Plaintiff remained on Defendant's premises to transact business in which both parties are mutually interested and in response to Defendant's express or implied representation that the public is requested, expected, or intended to enter or remain.

18. Defendant owed a duty to exercise reasonable care to protect invitees, such as Plaintiff, against dangers of which it knew or should have known, including making its property safe for customers and properly training and supervising its employees to assess for safety concerns.

19. Defendant breached its duty of care by unreasonably failing to use reasonable care to protect invitees, including Plaintiff, against the danger and hazard posed the dangerous condition



**EXHIBIT A**

on the floor of the store. Defendant knew, or reasonably should have known, of the dangerous condition of the floor.

20. Defendant's breach also includes, but is not limited to, the unreasonable failure to appropriately monitor and train its employees.

21. Defendant either knew or should have known about the dangerous condition on its premises because Defendant had access to and control over the premises prior to Plaintiff's incident.

22. Defendant's breach of duty was the actual and proximate cause of Plaintiff's damages, as previously described.

23. At all relevant times, Plaintiff acted with reasonable care and was not comparatively negligent in causing physical injury.

24. As a direct and proximate result of Defendant's acts and omissions, Plaintiff suffered damages and losses, including without limitation, significant physical injuries, substantial medical expenses, loss of enjoyment of life, annoyance, discomfort, inconvenience, and mental pain and suffering.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount to be determined that will fully, adequately, and justly compensate her for her significant physical injuries, substantial medical expenses, loss of enjoyment of life, annoyance, discomfort, inconvenience, and mental pain and suffering, together with attorney fees, expert witness fees, court costs, pre-judgment and post-judgment interest as provided by statute, and for such other and further relief as the honorable Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL OF ALL TRIABLE ISSUES TO A JURY**

Dated this 2nd day of February, 2024.

Respectfully submitted,
BAUMGARTNER LAW, LLC
*This pleading was filed electronically pursuant to Rule 121 § 1-26*
*Original signed pleading is on file in counsel's office*

*s/ S. Birk Baumgartner*
S. Birk Baumgartner

*ATTORNEYS FOR PLAINTIFF*

Plaintiff's Address:
c/o Baumgartner Law, LLC
730 17th St., Ste. 340
Denver, CO 80202



**EXHIBIT A**